UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:14-CV-074-RLV

| | |
|---|---|
| AMY ELIZABETH ALLRED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) DEFENDANTS' REPLY TO OPPOSITION |
| | ) TO MOTION TO DISMISS |
| IREDELL COUNTY SHERIFF'S | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

1. **PLAINTIFF'S OPPOSITION FAILS TO OVERCOME DEFENDANTS' SHOWING OF ENTITLEMENT TO DISMISSAL**

Plaintiff opposes Defendants' Motion to Dismiss with a single document that combines a one paragraph response to the motion along with what purports to be a Second Amended Complaint. Plaintiff filed this document twice: first, as response to Defendants' motion (Doc. 9); and, second, as the Second Amended Complaint itself (Doc. 10).

The first paragraph of the document is entitled "Response to Defendant's Motion to Dismiss," yet fails to identify any evidence or authorities undermining Defendants' entitlement to dismissal on any of the several grounds urged in the motion. Instead, the paragraph simply offers the *ipse dixit* of Plaintiff herself that "Defendant's were properly served," that "the Iredell county Sheriff's Department is a suable entity," and that her allegations are sufficiently "clear."

Plaintiff's wholesale failure to meaningfully respond to Defendants' arguments warrants the granting of the Motion to Dismiss. This is especially so with regard to the Defendants' showing under Rule 12(b)(5) that they were never served in accordance with Rule 4, as "[t]he plaintiff bears the burden of demonstrating [in response to a motion to dismiss] that service of

process, and the process itself, complies with the applicable Rules of Civil Procedure." *Bruce v. Day & Zimmerman Security Garden Street*, 2013 WL 2396002 at *1 (W.D.N.C. 2013). Where, as here, service of process is shown to be "insufficient, a court lacks personal jurisdiction over the defendant," and the court need not reach alternate grounds for dismissal "pursuant to Rule 12(b)(6) because it lacks [such] personal jurisdiction . . . ." *McDaniel v. Greyhound Lines, Inc.*, 2008 WL 2704774 at *5 (W.D.N.C. 2008).

**2.     THE PURPORTED SECOND AMENDED COMPLETE IS A LEGAL NULLITY**

Plaintiff filed the purported Second Amended Complaint without Defendants' consent and without leave of court. It must therefore be disregarded as without legal effect. *See U.S. ex rel. Matthews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) (under Rule 15(a) plaintiff "needed permission before his amended complaint could be filed" and "failure to obtain leave results in an amended complaint having no legal effect"); *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) ("Generally speaking, an amendment that has been filed or served without leave of court or consent of the defendants is without legal effect.").

**3.     CONCLUSION**

Because Plaintiff has failed to carry her burden of establishing proper service of process, Defendants remain entitled to dismissal on all bases identified in the Motion to Dismiss.

Dated:  August 20, 2014

s/Scott D. MacLatchie
Scott D. MacLatchie
North Carolina Bar No. 22824
Womble Carlyle Sandridge & Rice, LLP
301 S. College Street, Ste. 3500
Charlotte, North Carolina 28202
Telephone No. (704) 331-4942
Fax No. (704) 343-4867
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

       I hereby certify that the foregoing REPLY was filed this date with the Clerk of Court using the CM/ECF system, and I certify that I have mailed the document to the following non-CM/ECF participant.

Amy Allred
Lake Norman Legal Services
8588 Hwy. 150
Terrell, NC  28682

Dated: August 20, 2014                                   /s/ Scott D. MacLatchie