IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:14-CV-74

| | |
|---|---|
| AMY ELIZABETH ALLRED, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| THE IREDELL COUNTY SHERIFF'S | ) |
| DEPARTMENT AND DEPUTY DERRICK | ) |
| HILMAN STUTTS, IN HIS OFFICIAL | ) |
| CAPACITY AS A SHERIFF'S DEPUTY | ) |
| FOR THE IREDELL COUNTY NORTH | ) |
| CAROLINA SHERIFF'S DEPARTMENT, | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**BEFORE THE COURT** is its own motion directing Plaintiff to show cause why her action should not be dismissed without prejudice for failing to satisfy Rule 4 of the Federal Rules of Civil Procedure. Plaintiff is appearing *pro se*; however, Plaintiff is a licensed North Carolina attorney.

Rule 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Court has discretion under 4(m) to grant a Plaintiff an extension, and must do so if the Plaintiff provides "good cause." *Hai Xu v. FMS Financial Solutions, LLC*, No. ELH-10-3196, 2011 WL 2144592 at *1-2 (D. Md. May 31, 2011) (quoting Rule 4(m)).

Defendants moved to dismiss, in part, under 12(b)(5) for ineffective service of process on June 26, 2014. (Doc. 7). It appears to the Court that the motion to dismiss for ineffective service

1

of process was premature in that 120 days had not elapsed when the motion was filed. However, Plaintiff was put on notice that her service may be improper.[1] Instead of responding to the substance of the motion, Plaintiff filed a "Response and Second Amended Complaint." (Docs. 9, 10).[2] In her Response, Plaintiff failed to cite to any authority to support her assertion that she has complied with the requirements of Rule 4. However, Plaintiff did state that the affidavits filed by Defendants amounted to an "admission of acceptance." (Doc. 10). Plaintiff is reminded of her obligation under Rule 11(b)(3) which states, in part, that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief . . . the factual contentions have evidentiary support."

Given the Court's discretion under Rule 4(m), the Court **ORDERS** the Plaintiff to show cause why her action should not be dismissed without prejudice for failing to satisfy the service of process requirements of Federal Rule of Civil Procedure 4. Plaintiff's Response to this Order should be no more than twelve pages and is due by Wednesday, November 12, 2014.

**IT IS ORDERED, THEREFORE, THAT**

(1) Plaintiff Amy Allred show cause why her action should not be dismissed for failing to comply with Rule 4; and

(2) The Clerk mail a copy of this Order to Plaintiff's address of record.

Signed: October 31, 2014

Richard L. Voorhees
United States District Judge

---

[1] The Court will rule on the Motion to Dismiss in a later order.
[2] The Court is not implying that the "Second Amended Complaint" is the governing pleading.